(April 28, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE OWENS, Appellant.

APPEAL from a judgment of the Supreme Court, Bronx County, rendered October 8, 1964 upon a verdict convicting defendant of the crimes of robbery in the first degree, assault in the first degree and possession of firearm.

*Per Curiam.* The identification of the defendant, as being a participant in the crime with which he was here charged, was overwhelmingly established by the positive testimony of two police officers and one of the victims. There was but one police officer who could not make the identification, but the reason for his inability to do so was because he did not get an opportunity to make a sufficient frontal observation of the party he saw. Consequently, such failure

of identification does not weaken the positive testimony of those who testified that this defendant was on the scene at the time the crime was being committed. The admission of testimony by one police officer of his prior identification of the defendant from a photograph was, in the circumstances of this case, properly received. While, ordinarily, testimony of such identification should be excluded (see *People* v. *Cioffi*, 1 N Y 2d, 70, 73; *People* v. *Hunter*, 12 A D 2d 835, 836, 837), the defendant may not be heard here to complain about its reception because it was the attorney for the defendant who, through his cross-examination of the police officer, elicited the testimony of the officer's visit to the police photo gallery.

The defendant complains of some mistakes of fact by the Trial Justice in the marshalling of the evidence. These were inconsequential and, in the light of the strong case made out against this defendant, they may not be considered to have had any prejudicial effect.

The judgment should be affirmed.

BREITEL, J. P. (dissenting). I dissent and vote to reverse and grant a new trial.

Defendant, who had no prior record of convictions, was convicted of being one of two participants in an armed robbery of a pharmacy. His identification and connection with the hold-up, which terminated in a gunfight and death of the robber who held the shotgun used in the robbery, was primarily through fleeting observations by the pharmacist and two police officers. Other police officer witnesses to the robbery, however, were unable to identify the defendant. The issue of identification was the only substantial issue in the case. There was a defense of alibi.

It is established that permitting a police witness for the prosecution to testify as to his own prior identification of defendant from among several photographs at a police photo gallery was error. The Court of Appeals has so stated by way of alternative *ratio decidendi* and this court has so held. (*People* v. *Cioffi*, 1 N Y 2d 70, 73; *People* v. *Giamario*, 20 A D 2d 815, affd. 15 N Y 2d 939; *People* v. *Middleton*, 14 A D 2d 760; *People* v. *Hunter*, 12 A D 2d 835, 836–837.)

Defendant did not open up the issue of the prior identification by photograph. All he did was, to elicit on cross-examination, from the police officer that after a period in the squad room the officer had gone " downtown at the photo gallery", without purpose or result developed. On redirect examination, over strenuous objection and after extended colloquy, the forbidden evidence was admitted, not on the nonexistent ground that the matter had been opened up by defendant, but on the unsupportable ground that the evidence was admissible on the issue of identification.

In addition, the Trial Judge made a number of mistakes in the course of his charge, while marshalling the evidence for the jury. Various of these had to do with the disputed identification issue and, if true, would have been confirmatory of the prosecution's version of events. As just one and the most serious example, the Trial Justice incorrectly referred to identifications as having been made by police officers whose testimony had in fact been that they could not identify defendant. He made other errors, which varied the testimony, to eliminate discrepancies in testimony of the prosecution witnesses and to introduce discrepancies in the testimony of defendant. The cumulative effect of these errors, in combination with the improper photograph identification testimony, was necessarily prejudicial. This court has so held in a like situation (*People* v. *Middleton*, *supra*; to the same effect, see *People* v. *Hunter*, *supra*, p. 837, decided in the Third Department).

Rabin, McNally and Steuer, JJ., concur in *Per Curiam* opinion; Breitel, J. P., dissents in opinion, in which Stevens, J., concurs.

Judgment of conviction affirmed.